IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JULIUS CHATMAN, *et al.*,

        Plaintiffs,                No. 10-cv-0141 LKK JFM PS

   vs.

BANK OF AMERICA HOME LOANS, *et al.*,

        Defendants.         FINDINGS & RECOMMENDATIONS

        On June 9, 2011, the court held a hearing on defendant Bank of America Home Loans' ("Bank of America") March 10, 2011 motion to dismiss. Julius and Annie Chatman appeared in pro per. Tami S. Crosby appeared for Bank of America. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiffs Robert and Annie Chatman initiated this action on January 19, 2010 against defendants Bank of America and Wilbert Thompson ("Thompson"), a Home Rescue Programs Agent. This matter is proceeding on plaintiffs' September 8, 2010 first amended complaint ("FAC"), which is substantively identical to the initial complaint.

/////

Upon review of the FAC, it is not entirely clear the grounds upon which this matter is brought. Although plaintiffs claim that "a Home Modification Program, is mandated by the Federal Government, if certain conditions are met," they do not identify what statute(s) defendants have purportedly violated. Nonetheless, review of the factually-sparse FAC reveals that plaintiffs seek the following: First, they seek a Deed of Trust for unidentified real property from Bank of America. On May 7, 2009, plaintiffs wrote a letter to Bank of America asking for the Deed of Trust, but claim they have not yet received it. Second, plaintiffs seek an order directing Bank of America to modify plaintiffs' home loan. Finally, they seek partial reimbursement of funds they submitted to Thompson[1] on March 20, 2009, purportedly as part of their application for a home loan modification. They were informed by Thompson that if their request for a loan modification was not accepted, Bank of America would return $1,105.00 of the $1,600.00 submitted by plaintiffs.

## STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

---

[1] Thompson was served with personal service on April 1, 2010. See Doc. No. 14. Although Thompson has not yet appeared in this action, default has not been entered against him.

2

most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include pleadings and other papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

DISCUSSION

Bank of America seeks dismissal of the FAC for plaintiffs' failure to state the basis of this court's jurisdiction and for their failure to allege any wrongdoing by defendants. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction."  See Fed. R. Civ. P. 8(a)(1).  Because plaintiffs do not identify the basis for this court's jurisdiction other than to say that "a Home Modification Program, is mandated by the Federal Government, if certain conditions are met," the FAC falls short of Rule 8's minimal pleading requirements.  Furthermore, although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in that support their claim.  Id.  Plaintiffs here do neither.  The FAC, therefore, must be dismissed for plaintiffs' failure to comply with Rule 8.

The undersigned recognizes its obligation to freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), and to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements," Waters v. Young, 100 F.3d 1437, 1441 (9th

Cir. 1996). To this end, the court has reviewed the FAC and the initial complaint. Upon review, the court finds that the FAC contains substantially identical allegations as in the original complaint. Plaintiffs have now had two opportunities to present their claims. Although they are proceeding pro se, plaintiffs "must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986).

Furthermore, insofar as the plaintiffs' FAC can be construed as a request for a home loan modification pursuant to federal law, their request fails. The only relevant federal program that addresses home loan modifications is the Home Affordable Modification Program ("HAMP"). HAMP was created by Congress as part of the Troubled Assets Relief Program, under the authority of the Emergency Economic Stabilization Act of 2008, Pub. L. 110–343. Pursuant to this program, mortgage loan servicers enter into Servicer Participation Agreements ("SPAs") with Fannie May acting as the financial agent for the United States. The servicer's obligations are set forth in the SPA, as well as in Program Guidelines established by the Department of the Treasury. See Villa v. Wells Fargo Bank, N.A., 2010 WL 935680 at *1 (S.D. Cal., Mar.15, 2010); see also Escobedo v. Countrywide Home Loans, Inc., 2009 WL 4981618, *1 (S.D. Cal. 2009). Participating servicers are required to consider all loans eligible under the program; however, they are not required to modify mortgages. See Escobedo, 2009 WL 4981618 at *2; see also Hoffman v. Bank of America, N.A., 2010 WL 2635773 at *4 (N.D. Cal., June 30, 2010); Marks v. Bank of America, 2010 WL 2572988 at *3 (D. Ariz., June 22, 2010). The HAMP program itself is not codified as a public law.

Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP. See, e.g., Manabat v. Sierra Pac. Mortg. Co., 2010 WL 2574161 at *11 (E.D. Cal., June 25, 2010) (dismissing plaintiff's wrongful foreclosure claim because there is no private right of action for HAMP violations against lenders that receive HAMP funds); Simon v. Bank of Am., N.A., 2010 WL 2609436 at *7 (D. Nev., June 23, 2010) ("[C]ourts have consistently held that

1  [HAMP] does not provide borrowers with a private cause of action against lenders for failing to
2  consider their application for loan modification, or even to modify an eligible loan."); Marks,
3  2010 WL 2572988 at *5-7 ("By designating compliance authority to one entity, Freddy Mac,
4  Congress intended that a private cause of action was not permitted"); see also Phipps v. Wells
5  Fargo Bank, N.A., 2011 WL 302803 at *9 (E.D. Cal., Jan.27, 2011); Inman v. Suntrust
6  Mortgage, Inc., 2010 WL 3516309 at *2 (E.D. Cal., Sept.3, 2010); Wright v. Bank of America,
7  N.A., 2010 WL 2889117 at *5 (N.D. Cal., Jul.22, 2010).
8        Since plaintiffs have no right of action under HAMP to challenge the denial of
9  their request for loan modification, the court would have no basis upon which to make a judicial
10 determination of plaintiffs' rights.[2]  Lastly, plaintiffs' requests for a copy of a deed of trust and
11 for reimbursement of funds are not matters which the court may consider.
12       Having carefully considered the allegations in the FAC, the parties' briefs and
13 relevant legal authority, the undersigned concludes that the FAC does not satisfy the pleading
14 requirements of Rule 8 of the Federal Rules of Civil Procedure.  The undersigned further
15 concludes that it does not appear plaintiffs can cure the deficiencies in a second amended
16 complaint.  Therefore, leave to amend the FAC should not be granted.  See McHenry v. Renne,
17 84 F.3d 1172, 1174, 1179-80 (9th Cir. 1996) (affirming dismissal of amended complaint where it
18 failed to satisfy Rule 8's pleading requirements).
19       Accordingly, IT IS HEREBY RECOMMENDED that
20       1.  Bank of America's March 10, 2011 motion to dismiss be granted;
21       2.  This action be dismissed without leave to amend.
22       These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written

---

[2] At any rate, during the January 12, 2012 status conference, Bank of America represented to the court that plaintiffs did receive a home loan modification.

5

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;chat0141.mtd